STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 98-7-17 Vtec

| Poultney Properties LLC Change of Use  &  SP App. |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (98-7-17 Vtec)

Title:           Motion for Protective Order (Motion 8)

Filer:           Neal C. Vreeland

Attorney:        Pro Se

Filed Date:      January 14, 2019

Response in Support filed on 01/25/2019 by  Concerned Citizens of Poultney, Interested Persons
Response filed on 01/28/2019 by Neal C. Vreeland, Interested Person Supplemental Memo  & Affidavit
Response in Opposition filed on 01/29/2019 by Attorney David G. Carpenter for party 2 Co-counsel Poultney Properties, LLC
        Opposition
**The motion is DENIED.**

Poultney Properties, LLC ("Poultney Properties"), appeals the partial denial of its application for change of use and site plan approval by the Town of Poultney Development Review Board (DRB).  Neal Vreeland and a group of Poultney residents, Concerned Citizens of Poultney, and several individual neighbors join the appeal to oppose the application.[1]  Before the Court is Mr. Vreeland's motion for protective order and extraordinary relief relating to exterior lighting recently installed on existing buildings on property owned by Poultney Properties that is the subject of this appeal.

Poultney Properties is represented by David Cooper, Esq., and David Carpenter, Esq.  Mr. Vreeland, Mr. Swenor, Ms. Pepler, and Mr. and Mrs. Riberio are self-represented.  The Town of Poultney is represented by Gary R. Kupferer, Esq. Concerned Citizens of Poultney is represented by its spokesperson, C.B. Hall.

Mr. Vreeland and other neighbors offer that during the pre-trial stage of this matter, Poultney Properties installed or activated high intensity flood lights on the exterior of existing buildings at the subject property.  One or more of these lights is causing significant night-time disturbance for adjacent property owners.  Mr. Vreeland asks the Court to order Poultney Properties to take corrective action to reduce or eliminate the adverse impact of these lights.

Poultney Properties offers that the new exterior lighting is for security purposes and unrelated to the applications on appeal to the Court.  Thus, Poultney Properties asserts that the

---

[1] Those individual neighbors are John Swenor, Linda Pepler, and Walter and Rebecca Ribeiro.

Court is without jurisdiction to address the lighting. No party offers any evidence or suggestion that the new lighting is related to the applications before the Court.

In a January 30, 2019, telephonic hearing, the Court suggested a practical approach to the lighting dispute; this being an on-site meeting where parties craft an agreement regarding the lighting while this matter is litigated. All parties represented a willingness to organize and attend such a meeting.

In a follow-up telephonic hearing on February 20, 2019, the parties reported that there was an attempt at organizing a meeting, however, the sole representative of Poultney Properties was unavailable until March 2019. The parties therefore ask the Court to decide the pending motion.

The Environmental Division's subject matter jurisdiction is limited to the scope of the decision appealed from. In re Taylor Variance, No. 136-11-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 12, 2016) (Walsh, J.) (citation omitted). The scope of our review in a de novo proceeding is further defined by questions filed by an Appellant in its Statement of Questions. V.R.E.C.P. Rule 5(f). Based on the limited evidence and arguments before the Court, we conclude that the offending lighting is unrelated to the applications before the Court, and therefore, we are without jurisdiction to consider the lighting and formulate a corrective order. The motion is therefore **DENIED**.

Having reached this conclusion, we acknowledge the Town's enforcement authority which may be available to address this situation. We also acknowledge the parties' private property rights redressable before the Civil Division of the Vermont Superior Court. These potential actions likely require significant additional resources which would be avoided if the parties decide to work cooperatively on a temporary solution.

So ordered.
Electronically signed on February 20, 2019 at 01:47 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
David R. Cooper (ERN 4756), Attorney for Appellant Poultney Properties, LLC.
Interested Person Concerned Citizens of Poultney
Gary R. Kupferer (ERN 3547), Attorney for Interested Person Town of Poultney
Interested Person John Swenor
Interested Person Neal C. Vreeland
Interested Person Linda S. Pepler
Interested Person Walter Ribeiro
Interested Person Rebecca Ribeiro
David G. Carpenter (ERN 6139), Attorney for party 2 Co-counsel
For Informational Purposes Only Charles Hall